Stephen P. Collette (SBN 186439)
John Haubrich, Jr. (SBN 228341)
Collette & Haubrich
*A Professional Corporation*
811 Wilshire Blvd., Suite 1200
Los Angeles, CA 90017
Telephone: (213) 542-8272
Facsimile: (562) 684-4531

Attorney for Plaintiffs
JAMES and DEANNA GREENSPAN

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES GREENSPAN, an individual, DEANNA GREENSPAN, an individual,<br><br>Plaintiffs,<br>vs.<br><br>NATIONS FIRST LENDING, INC., a California corporation, COUNTRYWIDE DOCUMENT CUSTODY SERVICES, A DIVISION OF TREASURY BANK, N.A., a California corporation, COUNTRYWIDE HOME LOANS, INC., a California corporation, and DOES 1 through 50, inclusive<br><br>Defendants. | Case No.: CV08-6908 FMC (MANx)<br><br>[Assigned for All Purposed to the Hon. Florence-Marie Cooper]<br><br>**PLAINTIFFS' NOTICE OF APPEAL**<br><br>Complaint Filed On: July 18, 2008 |

Notice is hereby given that Plaintiffs, James Greenspan and Deanna Greenspan, by and through their attorneys, appeal to the United States Court of Appeals for the Ninth Circuit from the Court's Order Granting In Part Defendant's Motion to Dismiss and Remanding State Law Claim. Judgment was entered in

1
**PLAINTIFFS' NOTICE OF APPEAL**

1 | this matter on December 10, 2008. A true and correct copy of the Order and
2 | Judgment are attached hereto as Exhibit "A."
3 | DATED: January 5, 2009                    Respectfully Submitted,

By: /s/ Stephen P. Collette
    STEPHEN P. COLLETTE
    ATTORNEYS FOR PLAINTIFF
    JAMES AND DEANNA GREENSPAN

# EXHIBIT "A"

MICHAEL J. STEINER (State Bar No. 112079)
mjs@severson.com
KATHERINE A. KNOPOFF (State Bar No. 154433)
kw@severson.com
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439

JARLATH M. CURRAN (State Bar No. 239352)
jmc@severson.com
SEVERSON & WERSON
A Professional Corporation
The Atrium
19100 Von Karman Ave., Suite 700
Irvine, CA 92612
Telephone: (949) 442-7110
Facsimile: (949) 442-7118

Attorneys for Defendant
COUNTRYWIDE HOME LOANS, INC.

JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES GREENSPAN, an individual, DEANNA GREENSPAN, an individual,<br><br>　　　　Plaintiffs,<br><br>　　vs.<br><br>NATIONSFIRST LENDING, INC., a California Corporation; COUNTRYWIDE DOCUMENT CUSTODY SERVICES, A DIVISION OF TREASURY BANK, N.A., a California Corporation; COUNTRYWIDE HOME LOANS, INC., a California Corporation; and DOES 1 through 50, inclusive,<br><br>　　　　Defendants. | Case No.: 2:08-cv-06908-FMC-MANx<br><br>**JUDGMENT IN FAVOR OF COUNTRYWIDE HOME LOANS, INC.** |

1  The Court having granted with prejudice the Motion to Dismiss of Defendant
2  COUNTRYWIDE HOME LOANS, INC. ("Countrywide") with respect to the
3  claim of Plaintiffs JAMES GREENSPAN and DEANNA GREENSPAN
4  ("Plaintiffs") for rescission based on violation of the federal Truth in Lending Act
5  (15 U.S.C. § 1601 et seq.) and Regulation Z (12 C.F.R. § 227), and having
6  remanded Plaintiffs' remaining claim, for violation of California's Unfair
7  Competition Law ("UCL"), California Business and Professions Code
8  section 17200 et seq., for the reasons stated in the Court's Order of December 1,
9  2008, a copy of which is attached,

10  IT IS HEREBY ADJUDGED, DECREED, AND ORDERED that Plaintiffs'
11  case is dismissed. Their claim for rescission is dismissed with prejudice, and their
12  remaining state-law claim, for violation of the UCL, is remanded to the Los
13  Angeles County Superior Court. Countrywide shall recover from Plaintiffs costs of
14  suit in the sum of $_____, and this judgment shall be entered
15  forthwith in favor of Countrywide.
16  Dated: December 10, 2008

_____
FLORENCE-MARIE COOPER, JUDGE
UNITED STATES DISTRICT COURT

11952/0037/701116.1                                         -2-                                         Judgment
Case No. 2:08-cv-06908- FMC-MANx

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES GREENSPAN, DEANNA GREENSPAN,<br><br>Plaintiffs,<br><br>vs.<br><br>NATIONSFIRST LENDING, INC., COUNTRYWIDE DOCUMENT CUSTODY SERVICES, A DIVISION OF TREASURY BANK, N.A., COUNTRYWIDE HOME LOANS, INC., and DOES 1-50,<br><br>Defendants. | 2:08-cv-06908-FMC-MANx<br><br>ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS AND REMANDING STATE LAW CLAIM |

This matter is before the Court on Defendant Countrywide Home Loans, Inc.'s Motion to Dismiss (docket no. 7), filed on October 27, 2008. The Court has considered the moving, opposition and reply documents submitted in connection with the Motion. The Court deems this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); Local Rule 7-15. The hearing set for December 8, 2008, is removed from the Court's calendar. For the reasons and in the manner set forth below, Defendant's Motion to Dismiss is GRANTED IN PART.

**I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

This action arises out of the terms of a loan Plaintiffs James and Deanna Greenspan took out in 2005, to refinance their two existing home loans.

1    Plaintiffs allege that, upon encountering financial difficulties in 2005, they
2 responded to a NationsFirst advertisement regarding refinancing. FAC ¶¶9-11.
3 On June 29, 2005, Plaintiffs refinanced with NationsFirst, at which time Plaintiffs
4 also received a Notice of Right to Cancel, which Plaintiffs allege was inadequate.
5 FAC ¶¶12-14. Plaintiffs further allege that the new loan ("2005 Loan") "was
6 immediately transferred, sold and/or assigned to Defendants CDS and
7 Countrywide." FAC ¶15.

8    By early 2007, Plaintiffs "had become aware that the principal balance of
9 their loan was increasing each month." In order to avoid an inevitable dramatic
10 increase in their mortgage payments, Plaintiffs again refinanced, in February
11 2007 ("2007 Loan"). As a result of the refinancing in 2007, Plaintiffs owed a
12 prepayment penalty of $13,441.64 on the 2005 Loan. FAC ¶16. In light of the
13 foregoing, on June 28, 2008, Plaintiffs sent a letter to rescind the 2005 Loan to
14 each defendant, and Plaintiffs allege that each defendant had received the letter
15 by late June or early July 2008. When the defendants failed to respond to the
16 rescission letter, Plaintiffs initiated this litigation in Los Angeles Superior Court.

17    Defendant Countrywide Home Loans, Inc. ("Countrywide") removed the
18 action to this Court.[1] With the operative complaint, the First Amended
19 Complaint ("FAC"), Plaintiffs assert the following claims against all defendants:
20 (1) rescission pursuant to the Federal Truth in Lending Act ("TILA"), 15 U.S.C.
21 §1601 and Regulation Z, 12 C.F.R. §227; and (2) unlawful and unfair business

---

[1] Neither of the other named defendants joined in removal. In its Notice of Removal, Countrywide indicated that the state court docket shows that the one of the other named defendants, Countrywide Document Custody Services ("CDS"), had not been served. Additionally, Countrywide indicated that, although the state court docket reflects that defendant NationsFirst Lending Inc. ("NationsFirst") was served with the FAC and is listed as an "active" corporation with the California Secretary of State, Countrywide has been unable to locate NationsFirst and believes it no longer exists. Plaintiffs did not challenge the removal on procedural grounds.

1  practices pursuant to California Business and Professions Code section 17200, et
2  seq.
3      On October 27, 2008, Countrywide filed this Motion to Dismiss. On
4  November 17, 2008, Plaintiffs filed their Opposition; and, on November 24,
5  2008, Countrywide filed its Reply thereto.

## II.  STANDARD OF LAW

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a defendant to seek dismissal of a complaint that "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The Court will not dismiss the claims for relief unless the Plaintiff cannot prove any set of facts in support of the claims that would entitle him to relief. *See Steckman v. Hart Brewing, Inc.,* 143 F.3d 1293, 1295 (9th Cir. 1998). All material factual allegations in the complaint are assumed to be true and construed in the light most favorable to the plaintiff. *Nursing Home Pension Fund, Local 144 v. Oracle Corp.,* 380 F.3d 1226, 1229 (9th Cir. 2004) ("The general rule for 12(b)(6) motions is that allegations of material fact made in the complaint should be taken as true and construed in the light most favorable to the plaintiff.") (citing *Burgert v. Lokelani Bernice Pauahi Bishop Trust*, 200 F.3d 661, 663 (9th Cir. 2000)). Generally, in connection with a Motion to Dismiss for failure to state a claim, the Court limits its inquiry to the content of the complaint and matters of which the Court may take judicial notice. *See W. Reserve Oil & Gas Co. v. New*, 765 F.2d 1428, 1430 (9th Cir. 1985); 2 MOORE'S FEDERAL PRACTICE §12.34[2] (Matthew Bender 3d ed. 2004).

If the Court dismisses the complaint, it must decide whether to grant leave to amend. Denial of leave to amend is "improper unless it is clear that the complaint could not be saved by any amendment." *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005) (citation omitted).

## III.  DISCUSSION

The present Motion to Dismiss requires the Court to determine whether

3

1  Plaintiffs' FAC states any claim upon which relief may be granted. Countrywide
2  contends that Plaintiffs' have no right to rescission because they refinanced the
3  2005 Loan and that Plaintiffs' allegations that Countrywide was "aware" of
4  NationsFirst's lending practices are not sufficient to articulate an unfair business
5  practices claim against Countrywide.

6  As an initial matter, the Court grants Countrywide's request that the Court
7  take judicial notice of the relevant recorded, public documents (Request for
8  Judicial Notice ("RJN") ¶¶1-7, Exs. 1 (Deed of Trust securing 2005 Loan), 2
9  (Deed of Trust securing 2007 Loan) & 3 (Deed of Reconveyance to Plaintiffs of
10  the 2005 Loan). Fed. R. Evid. 201(b)-(d); *see also Parrino v. FHP, Inc.*, 146
11  F.3d 699,706 (9th Cir. 1998), *superseded by statute as stated in Abrego Abrego v.*
12  *The Dow Chem. Co.*, 443 F.3d 676, 681 (9th Cir. 2006) (explaining that, when a
13  plaintiff does not explicitly incorporate a document in, or attach a document to,
14  the complaint, "a district court ruling on a motion to dismiss may consider a
15  document the authenticity of which is not contested, and upon which the
16  plaintiff's complaint necessarily relies.").

17  Congress enacted TILA "to assure a meaningful disclosure of credit terms
18  so that the consumer will be able to compare more readily the various credit
19  terms available to him and avoid the uninformed use of credit." *Mourning v.*
20  *Family Publications Service, Inc.*, 411 U.S. 356, 364-65 (1973) (quoting 15
21  U.S.C. §1601) (internal quotations omitted). TILA provides two remedies for
22  disclosure violations: (1) rescission, 15 U.S.C. §1635; and (2) damages, 15
23  U.S.C. §1640. Only the original creditor and assignees of that creditor may be
24  liable for TILA violations. 15 U.S.C. §§1640, 1641.

25  TILA requires that a borrower be given clear notice of the right to rescind a
26  consumer credit transaction by midnight of the third business day following the
27  consummation of the loan. 15 U.S.C. §1635(a). If a lender does not provide a
28  borrower with notice of the right to rescind, "the right to rescind shall expire 3

years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first." 12 C.F.R. §226.23(a)(3).

Here, Plaintiffs' allegations and the public records submitted by Countrywide establish that, by virtue of refinancing with the 2007 Loan, Plaintiffs had transferred all their interest in their residence within three years of entering into the Loan with NationsFirst. Accordingly, even taking as true Plaintiffs' allegations that NationsFirst failed to make the required disclosures and that Countrywide is an assignee of NationsFirst, once Plaintiffs refinanced in 2007, the TILA rescission provision no longer applied. *Id.*; *see also King v. California*, 784 F.2d 910, 913 (9th Cir. 1986) (finding no right of rescission where loan had been refinanced and the deed of trust underlying the original loan had been superseded "because there is nothing to rescind"). Defendant's Motion to Dismiss Plaintiffs' TILA claim is GRANTED.

Plaintiffs' claim for violations of the TILA were the sole basis for the exercise of original federal question subject matter jurisdiction at the time of removal. Accordingly, the Court declines to exercise supplemental jurisdiction of Plaintiffs' remaining state law claim for violation(s) of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. C. §17200, et seq., and REMANDS this matter to the Los Angeles Superior Court. *See Herman Family Revocable Trust v. Teddy Bear*, 254 F.3d 802, 805 (9th Cir. 2001) (explaining that the supplemental jurisdiction statute, 28 U.S.C. § 1367(a), "makes clear that supplemental jurisdiction may only be invoked when the district court has a hook of original jurisdiction on which to hang it").

### IV.  CONCLUSION

Based on the foregoing, the Court GRANTS, with prejudice, Defendant Countrywide Home Loans, Inc.'s Motion to Dismiss (docket no. 7) as to Plaintiffs' claim for violation(s) of the Truth in Lending Act and REMANDS the

5

1  remaining state law claim to state court.  Counsel for Defendant is directed to
2  prepare a Judgment for the Court's signature within ten days of the date of this
3  Order.
4  **IT IS SO ORDERED.**
5  Dated: December 1, 2008.

*Florence-Marie Cooper*

FLORENCE-MARIE COOPER, JUDGE
UNITED STATES DISTRICT COURT

## PROOF OF SERVICE—(1013A)

I am over the age of 18 years and am employed at 811 Wilshire Blvd., Ste 1200, Los Angeles, CA 90017.

On January 5, 2009, I caused the foregoing document entitled:

## PLAINTIFFS' NOTICE OF APPEAL

to be served on the interested parties in this action, addressed as follows:

## SEE ATTACHED SERVICE LIST

[ **X** ]  **BY ELECTRONIC DELIVERY:** I caused a true copy of the foregoing document to be delivered to the addressee listed above via the Court's EC/ECF filing system.

[ **X** ]  (**Federal**)  I declare, under penalty of perjury, under the laws of the United States, that the above is true and correct.

Executed on January 5, 2009, at Los Angeles, California.

                                                         /s/ John Haubrich, Jr.
                                                            John Haubrich

# SERVICE LIST

Michael J. Steiner, Esq.
Katherine A. Knopoff, Esq.
Severson & Werson
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, CA 94111

Jarlath M. Curran, II, Esq.
Severson & Werson
A Professional Corporation
The Atrium
19100 Von Karman Ave., Suite 700
Irvine, CA 92612

Attorneys for Defendant COUNTRYWIDE HOME LOANS, INC.

**PLAINTIFFS' NOTICE OF APPEAL**